STATE OF CONNECTICUT *v.* JOHN L. LEWIS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 3—decision released November 28, 1978

*Michael J. Daly III,* for the appellant (defendant).

*Francis M. McDonald, Jr.,* state's attorney, with whom, on the brief, was *Bradford J. Ward,* assistant state's attorney, for the appellee (state).

LOISELLE, J. The defendant, John L. Lewis, was charged initially in a one-part information with robbery in the second degree, in violation of General Statutes § 53a-135, to which he pleaded not guilty. On the day scheduled for trying the robbery count,

the state, with no advance notice, moved that his prior plea be withdrawn and that he be again put to plea on a substitute two-part information, charging him also with being a persistent felony offender, in violation of § 53a-40 (e) of the General Statutes. The defendant objected to this procedure, but his objection was overruled.

Lewis was found guilty of the robbery by a jury and subsequently found guilty of being a persistent felony offender by the court. He was sentenced under the persistent felony offender statute to an indeterminate term, with a maximum allowable penalty of life imprisonment.

The defendant has appealed, claiming error in the court's refusal to quash the second portion of the information charging him as a persistent offender and in not deleting his juvenile record from the presentence report. There is no claim that there was any error in the jury verdict relating to the first part of the information.

The state did not obtain a grand jury indictment even though a conviction under § 53a-40 (e) coupled with a conviction for second degree robbery could carry a sentence of life imprisonment.[1] Neither side raised this issue in their briefs but it was

[1] General Statutes § 53a-40 (e). "When any person has been found to be a persistent dangerous felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by said section for a class A felony."

General Statutes § 53a-35 allows a maximum penalty for a class A felony to be life imprisonment.

brought to the attention of this court during oral argument. Since it is jurisdictional in nature, it is considered first.

The Connecticut constitution, article first, § 8, provides in part that "[n]o person shall be held to answer for any crime, punishable by death or life imprisonment, unless on a presentment or an indictment of a grand jury." General Statutes § 54-45 states in part that "[n]o person shall be put to plea or held to trial for any crime the punishment of which may be death or imprisonment for life unless an indictment has been found against him for such crime by a grand jury legally impaneled and sworn."

Since the penalty for a conviction of robbery compounded by a conviction under the persistent felony offender statute could have been life imprisonment, and, in fact, was,[2] it was mandatory that Lewis be indicted by a grand jury. *State* v. *Holloway,* 144 Conn. 295, 302, 130 A.2d 562 (1957). The failure of the trial court to quash the second part of the information was error and the sentence based upon it must be reversed.

Where one has been charged as a persistent offender, the allegations of prior offenses in the second part of an information or indictment affect only the punishment to be imposed under the first part and must be included in the same information or indictment with a specific substantive criminal charge. *State* v. *Grady,* 153 Conn. 26, 32, 211 A.2d 674 (1965); *State* v. *Reilly,* 94 Conn. 698, 702, 110 A. 550 (1920). A person cannot be charged as a persistent offender under § 53a-40 in a separate infor-

---

[2] Lewis was sentenced to a term of not less than ten years nor more than life.

mation or indictment. If the allegation of prior offenses is not included in an information or indictment charging a specific crime, it is ineffective. *State* v. *LaSelva,* 163 Conn. 229, 233, 303 A.2d 721 (1972); *State* v. *Delmonto,* 110 Conn. 298, 147 A. 825 (1929). Consequently, as the first part of the information has been conclusively determined by a jury, the second part of the information must be dismissed.

The proceeding under the first part of the information was distinct, so it is not affected by the dismissal of the second part. Therefore, this case is remanded for resentencing on the first part of the information. A remand for resentencing does not raise the issue of double jeopardy here because a remand does not include a second trial or further fact-finding. *Sanabria* v. *United States,* 437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978); *Burks* v. *United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978). It is the sentence and not the verdict that was erroneous or inconclusive. *State* v. *Langley,* 156 Conn. 598, 601, 602, 244 A.2d 366 (1968), cert. denied, 393 U.S. 1069, 89 S. Ct. 726, 21 L. Ed. 2d 712; 21 Am. Jur. 2d, Criminal Law §§ 167, 572; cf. *Leifert* v. *Turkington,* 115 Conn. 600, 603, 604, 162 A. 842 (1932).

The defendant claims error in the court's refusal to strike the six references in the presentence report to his juvenile difficulties, claiming that they all preceded *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), and that the procedures and safeguards of fundamental fairness and due process did not apply to our juvenile court at that time. The error claimed was argued and briefed in this respect and the issue is discussed in this context.

Five of the references made in the presentence report were to charges which were dismissed and one which was referred to the adult probation department. An excerpt from the state's brief well expresses this court's opinion on this issue: "Even assuming that the juvenile notations represented juvenile adjudicatory stages which fell within the doctrines enunciated in *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); and *Ivan V.* v. *City of New York*, 407 U.S. 203, 92 S. Ct. 1951, 32 L. Ed. 2d 659 (1972), there has been no demonstration of constitutional deprivation. As previously stated, according to the presentence entries, each allegation was dismissed. Therefore, even assuming that there was a denial of some or all of the principles required by the above cases, there was no prejudice because there was never a conviction. Each matter had been dismissed. If there had been a conviction and a showing that there had been a denial of essentials of due process and fair treatment as regards the establishment of the burden of proof, neither of which has been shown nor is even demonstrable, then perhaps there would be some merit to the defendant's argument. However, in the situation at bar both are lacking." None of the incidents involved an adjudication of criminal charges; and, moreover, the information relating to these incidents was well within the investigatory mandate of General Statutes § 54-109.

There is error in part, the judgment is set aside and the case is remanded with direction to dismiss the second part of the information and with further direction to resentence the defendant on the first part of the information.

In this opinion the other judges concurred.