STATE OF CONNECTICUT *v.* BRUCE J. SECORE
(11396)

PETERS, C. J., HEALEY, PARSKEY, SHEA and SANTANIELLO, Js.

---

[20] See footnote 8, supra.

Argued October 5—decision released December 25, 1984

*Louis Parley,* for the appellant (defendant).

*Justin Sullivan,* law student intern, with whom was *Donald B. Caldwell,* state's attorney, for the appellee (state).

SANTANIELLO, J. The defendant was found guilty of first degree sexual assault in violation of General Statutes § 53a-70 (a) (2) and was given an enhanced sentence as a persistent dangerous felony offender under General Statutes § 53a-40 (a). He appeals, claiming that he was improperly sentenced as a persistent felony

offender because the substantive offense of which he was convicted, first degree sexual assault, was not charged in the same indictment as the persistent felony offender violation. There is no claim of error in the jury's verdict on the sexual assault charge.

The facts relating to the defendant's appeal are not in dispute. On August 19, 1980, a grand jury issued a two part, three count indictment charging the defendant in the first part with sexual assault in the first degree and kidnapping in the first degree, and in the second part with being a persistent felony offender, in violation of General Statutes §§ 53a-70 (a) (1),[1] 53a-92

[1] "[General Statutes (Rev. to 1979)] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or (2) by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

The defendant was indicted in 1980 under § 53a-70 (a) (1) for first degree sexual assault committed by the use of force. We note that, at the time of the indictment, § 53a-70 did not contain a subsection (a) (1), and that by charging the defendant under § 53a-70 (a) (1) the state's indictment read inconsistently with the statute. An investigation into the legislative history of the statute reveals the following: In 1975 the legislature amended § 53a-70. Prior to this amendment the subsection § 53a-70 (a) had been divided into two parts, (a) (1) and (a) (2). As a result of this amendment the legislature removed the subsection (1) designation, but left the designation (2) in the statute. Because it would be illogical for a statute divided into subsections to contain a subsection (2) but not a subsection (1), it is apparent that the legislature, in amending the statute, mistakenly either eliminated the numeral (1), or retained the numeral (2). We conclude from our investigation that the 1975 amendment should have removed both subsection numbers (1) and (2). Our conclusion is buttressed by the fact that in 1981 the legislature removed the numeral (2) from § 53a-70 (a) by the technical amendment process.

Although the state incorrectly inserted the subsection numeral (1) in the defendant's indictment in the position it logically would have occupied in the statute prior to the 1975 amendment, we note that this error has technical significance only. Since the charge in the indictment coincided exactly with the language of the statute, the accidental inclusion of the (1) did not prejudice the defendant or deprive him of notice of the charges against him.

(a) (2) (A), and 53a-40 (a), respectively.[2] On April 28, 1981, the state withdrew count one of the indictment and substituted an information charging the defendant with first degree sexual assault under § 53a-70 (a) (2).[3] Shortly thereafter, at a trial by jury before *Spada, J.*, the defendant was acquitted of the kidnapping charge and convicted of sexual assault in the first degree. Following the jury's verdict the defendant motioned the trial court to dismiss part two of the indictment, claiming that he could not be sentenced as a persistent felony offender because he was convicted of a sexual assault

[2] "[General Statutes (Rev. to 1979)] Sec. 53a-92. KIDNAPPING IN THE FIRST DEGREE. (a) A person is guilty of kidnapping in the first degree when he abducts another person and when: (1) His intent is to compel a third person to pay or deliver money or property as ransom, or to engage in other particular conduct or to refrain from engaging in particular conduct; or (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually . . . ."

"[General Statutes (Rev. to 1979)] Sec. 53a-40. PERSISTENT OFFENDERS: DEFINITIONS; DEFENSE; AUTHORIZED SENTENCES. (a) A persistent dangerous felony offender is a person who (1) stands convicted of manslaughter, arson, kidnapping, sexual assault, in the first or third degree, sexual assault in the first or third degree with a firearm, robbery in the first or second degree, or assault in the first degree; and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution for any of the following crimes: (A) The crimes enumerated in subdivision (1), the crime of murder, or an attempt to commit any of said crimes or murder; or (B) prior to October 1, 1975, any of the crimes enumerated in sections 53a-72, 53a-75 or 53a-78 of the general statutes, revision of 1958, revised to 1975, or prior to October 1, 1971, in this state, assault with intent to kill under section 54-117, or any of the crimes enumerated in sections 53-9, 53-10, 53-11, 53-12 to 53-16, inclusive, 53-19, 53-21, 53-69, 53-78 to 53-80, inclusive, 53-82, 53-83, 53-86, 53-238 and 53-239 of the general statutes, revision of 1958, revised to 1968, or any predecessor statutes in this state, or an attempt to commit any of said crimes; or (C) in any other state, any crimes the essential elements of which are substantially the same as any of the crimes enumerated in subdivision (1) or (2)."

[3] The indictment under General Statutes § 53a-70 (a) (1) charged the defendant with first degree sexual assault by the use of force. This count was replaced by an information and the defendant was ultimately charged with first degree sexual assault by the threat of use of force, in violation of § 53a-70 (a) (2). See footnote 1, supra.

crime different from that set forth in part one of the indictment. After the court's denial of the motion, the defendant pleaded nolo contendere to the persistent felony offender charge and was accordingly sentenced to a term of imprisonment of not less than fifteen years to life. In this appeal we find no error.

In order properly to address the defendant's contention that failure to convict him under the indicted substantive offense precluded the trial court from sentencing him as a persistent felony offender, we must first determine whether the sexual assault charge contained in the indictment and that substituted by information constitute the same crime. If we find that these two charges are in fact the same, then logically we could not find error in the state's substitution of one for the other. Our focus naturally turns to the statute under which the defendant was indicted and convicted, General Statutes § 53a-70, which at the time of the crime read in pertinent part: "SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or (2) by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person." The defendant's indictment under subsection (1) of § 53a-70 (a) for sexual assault "by the use of force" was replaced by an information charging him under subsection (2) with sexual assault "by the threat of use of force." We note that, although the indictment specifically charged the defendant under § 53a-70 (a) (1), prior to the time of the indictment, and at the time the crime occurred, the subsection numeral "(1)" had been removed from the statute by amendment.[4] The defendant presses the claim that because

---

[4] See footnote 1, supra.

these constitute separate offenses, an indictment for one cannot be replaced by an information charging the other, but can be changed only by reindictment for the substituted offense.

The issue before us is whether § 53a-70 (a) describes two separate crimes or one crime that can be committed in two separate ways. We agree with the defendant that if sexual assault by the "use of force" and sexual assault by the "threat of use of force" as set out in § 53a-70 (a) are separate offenses, then clearly an information for one cannot be substituted for an indictment for the other. The principle that any offense carrying a life sentence must be charged by indictment is well settled in this state. See Conn. Const., art. I § 8 ("No person shall be held to answer for any offense, punishable by death or life imprisonment, unless on a presentment or an indictment of a grand jury . . . .");[5] General Statutes § 54-45 (b) ("No person shall be put to plea or held to trial for any crime the punishment of which may be death or imprisonment for life unless an indictment has been found against him for such crime by a grand jury . . . .");[6] Practice Book §§ 605 (grand jury must indict for any offense punishable by death) and 616 ("A felony punishable by death or life imprisonment shall be prosecuted by indictment."); *State* v. *Lewis,* 176 Conn. 270, 272, 407 A.2d 955 (1978) (robbery conviction raised to possible life sentence by persistent

---

[5] Article first, § 8, of the Connecticut constitution was amended in 1983. It presently reads, in relevant part: "No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law . . . ."

[6] Following an amendment in January, 1983, General Statutes § 54-45 (b) now reads, in pertinent part: "No person shall be put to plea or held to trial for any crime the punishment of which may be death or imprisonment for life, charged by the state before the effective data of this act, unless an indictment has been found against him for such crime by a grand jury . . . ." Public Acts 1983, No. 83-210, § 1 (a); see *State* v. *Sanabria,* 192 Conn. 671, 679–80, 474 A.2d 760 (1984).

offender conviction must be charged by indictment); *State* v. *Holloway,* 144 Conn. 295, 302, 130 A.2d 562 (1957) (indictment by grand jury required in all cases in which penalty may be life imprisonment). Since a conviction for sexual assault under § 53a-70 (a) by either the "use of force" or the "threat of use of force" in conjunction with a persistent felony offender violation carries a possible life sentence, each must be independently charged by indictment. In the present case the defendant makes no claim that he was erroneously indicted for sexual assault "by the use of force," but argues that the substitute information charging sexual assault "by the threat of use of force" was improper. We find, however, that the language of § 53a-70 divides the statute, not into two crimes, but into two methods of committing the same crime; see *State* v. *Wallace,* 181 Conn. 237, 239, 435 A.2d 20 (1980); and that the indictment substitution made by the state in this case involved a matter of form, not substance. We conclude, therefore, that both the indictment and the substitute information charge the defendant with only one crime, sexual assault in the first degree.

Despite our conclusion that § 53a-70 (a) charges only one crime, we must still address the defendant's additional, procedural claim that the substantive offense, sexual assault, and the persistent felony offender violation must be charged in the *same* indictment. The defendant argues that by charging the substantive offense in an information, the persistent felony offender and substantive violations were no longer in the same indictment and that therefore the defendant cannot be given an enhanced sentence under the persistent felony offender statute. In support of his claim the defendant relies on Practice Book §§ 605 and 616,[7] and several of our decisions.

---

[7] "[Practice Book] Sec. 605. ——WHEN GRAND JURY IS REQUIRED. The superior court shall order a grand jury to be summoned, impaneled and

We do not disagree with the defendant that an allegation that a person is a persistent felony offender must be included in the same indictment as a specific substantive criminal charge. "A person cannot be charged as a persistent offender under § 53a-40 in a separate . . . indictment. If the allegation of prior offenses is not included in an . . . indictment charging a specific crime, it is ineffective." *State* v. *Lewis*, supra, 272–73; see *State* v. *LaSelva*, 163 Conn. 229, 232, 303 A.2d 721 (1972); *State* v. *Delmonto*, 110 Conn. 298, 300, 147 A. 825 (1929); *State* v. *Ferrone*, 96 Conn. 160, 175, 113 A. 452 (1921). That principle, however, must be read in conjunction with Practice Book § 622, which allows a minor defect in an indictment to be corrected at any time. It is an established rule of procedure that, prior to trial, nonsubstantive changes may be made in an indictment. Practice Book § 622 provides in relevant part: "The judicial authority may order at any time such relief as is required to remedy any defect, imperfection or omission in the indictment, information, or complaint, including the following: (1) [a]ny matter of form; (2) [a]ny miswriting, misspelling, or improper English; (3) [a]ny misuse of a sign, symbol, figure, or abbreviation; or (4) [a]ny omission of the true name or any misspelling of the name of the defendant." This court has held that the state may properly amend an

sworn to inquire after and consider indictments for any offense punishable by death or life imprisonment."

Section 605 was repealed effective October 1, 1984.

"[Practice Book] Sec. 616. —USE. A felony punishable by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by information. All misdemeanors, violations, and infractions shall be prosecuted by information or complaint. In all jury cases, and in all other cases on written request of the defendant, the prosecuting authority as of course shall issue an information in place of the uniform summons and complaint."

Effective October 1, 1984, the first sentence of § 616 was deleted and the word "other" was deleted from the second sentence.

information to correct the date of commission of an offense, when the date is not a material ingredient of the crime charged; *State* v. *Ramos,* 176 Conn. 275, 277, 407 A.2d 952 (1978); and may change the signature of the charging state's attorney, and remove parentheses around a drug name. *State* v. *Jones,* 166 Conn. 620, 629, 353 A.2d 764 (1974). In the present case the substantive charge and the persistent offender allegation were initially contained in the same indictment. Just before the start of trial the state made a nonsubstantive substitution by information of the language describing the charged violation. If the state had substituted by information a wholly different crime, then the defendant would obviously have to be reindicted for the new crime and the persistent felony offender violation. Here, however, the state acted within the bounds of § 622 by amending by information only the language of the crime charged.

The defendant's contentions under Practice Book §§ 605 and 616[8] appear to be that because these sections require that felonies punishable by death or life imprisonment be charged by indictment, the state cannot change such indictments by information. In light of our previous conclusion that the state properly amended the indictment, we find the defendant's argument unpersuasive. We are equally unconvinced by the defendant's citation of two state cases, *State* v. *Holloway,* 144 Conn. 295, 130 A.2d 562 (1957), and *State* v. *Lewis,* 176 Conn. 270, 407 A.2d 955 (1978), for the proposition that the state cannot amend by substitution an indictment charging a substantive offense and a persistent felony offender violation. In *Holloway,* this court addressed whether convictions occurring prior to the enactment of a persistent felony offender statute should be considered prior offenses for the purpose of the statute. *State* v. *Holloway,* supra, 297–98.

---

[8] See footnote 7, supra.

We noted the constitutional and statutory requirement of "an indictment by a grand jury in all cases in which the penalty to be imposed may be life imprisonment." Id., 302. In *Lewis,* this court faced a situation in which the defendant was never indicted for either the substantive or persistent offender violations, even though together the charges could have resulted in a life sentence. *State* v. *Lewis,* supra, 271–73. We held that the combination of a substantive offense and a persistent offender violation that results in the possibility of a life sentence conviction must be charged by indictment. Id., 272–73. Neither of these cases support the proposition that an indictment charging both a substantive and persistent felony offender violation, once properly issued, cannot be amended.

The purpose of the rule requiring that the substantive and persistent felony offender violations be contained in the same indictment is to give the defendant adequate notice of the charges against him so that he may properly prepare his defense. See *Spencer* v. *Texas,* 385 U.S. 554, 567, 87 S. Ct. 648, 17 L. Ed. 2d 606, reh. denied, 386 U.S. 969, 87 S. Ct. 1015, 18 L. Ed. 2d 125 (1967); *State* v. *Delmonto,* supra, 300. The defendant in the case before us concedes that he received notice of the charges and makes no claim that he was prejudiced or unfairly surprised by the amended information. Furthermore, we can find no substantive right of the defendant that has been infringed by the substituted information. We therefore hold that the trial court properly allowed the state to amend by information the indictment against the defendant, and correctly sentenced the defendant under the persistent dangerous felony offender statute.

There is no error.

In this opinion the other judges concurred.