## STATE OF CONNECTICUT *v.* JOHN DASH
### (SC 15569)

Borden, Berdon, Norcott, Palmer and McDonald, Js.

Argued April 22—officially released July 29, 1997

*Jon L. Schoenhorn*, for the appellant (defendant).

*Christopher T. Godialis*, deputy assistant state's attorney, with whom were *Nicole A. Bernabo*, legal intern, and, on the brief, *Eugene J. Callahan*, state's attorney, and *Robert Katz*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PALMER, J. The principal issue raised by this appeal is whether General Statutes § 53-202k,[1] which provides for a consecutive, nonsuspendable five year prison term for a person who commits a class A, B or C felony with a firearm, is itself a felony offense or, instead, a sentence enhancement provision. A jury found the defendant, John Dash, guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (3),[2] and commis-

---

[1] General Statutes § 53-202k provides: "Commission of a class A, B or C felony with a firearm: Five-year nonsuspendable sentence. Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

[2] General Statutes § 53a-59 provides in relevant part: "(a) A person is guilty of assault in the first degree when . . . (3) under circumstances

sion of a class A, B or C felony with a firearm in violation of § 53-202k. The trial court rendered judgment sentencing the defendant to consecutive prison terms of eleven years on the first degree assault count and five years on the count charging commission of a felony with a firearm, for a total effective sentence of sixteen years. On appeal,[3] the defendant claims that, although the trial court properly sentenced him to a consecutive five year prison term pursuant to § 53-202k, the court nevertheless improperly rendered judgment convicting him of a separate crime under § 53-202k.[4] We agree with the defendant and, consequently, we conclude that the defendant's conviction under § 53-202k must be vacated.

The jury reasonably could have found the following facts. At approximately 1:30 p.m. on August 18, 1994, the victim, Terry Coleman, and his fifteen year old cousin, Rashad Green-Younger, drove into the Meadow Gardens housing project in the city of Norwalk. As the victim was exiting his car, the defendant, whom the victim had met for the first time earlier that day, approached the car, pointed a gun at the victim's temple, and stated, "This is a stickup, kid." A struggle ensued, during which the defendant overpowered the victim, shot him in the back, and fled. Both Green-Younger and the victim, who suffered permanent injuries as a result of the shooting, positively identified the defendant as the assailant.

---

evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . .

"(b) Assault in the first degree is a class B felony . . . ."

[3] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[4] The defendant also claims that the trial court improperly instructed the jury regarding the credibility of police officers. We decline to review this claim for the reasons set forth in part II of this opinion.

At trial, the state presented the testimony of several police officers regarding the investigation of the altercation, including the gathering of evidence and the preparation and presentation of photographic lineups viewed by the victim and Green-Younger. None of these police officers, however, provided eyewitness testimony. At the trial's conclusion, the court instructed the jury that "it is permissible for you to consider the special training and experience which a police officer receives when you are judging his ability to observe and remember and record events while he is engaged in these duties." The defendant did not object to this instruction.

The jury thereafter convicted the defendant of first degree assault and commission of a class A, B or C felony with a firearm.[5] This appeal followed.

I

The defendant claims that his separate conviction under § 53-202k was improper because that statutory section is a sentence enhancement provision rather than a separate offense. Although the defendant concedes that the five year consecutive sentence imposed on him by the trial court pursuant to § 53-202k was proper, he maintains that his separate *conviction* under that statutory section must be vacated. We agree with the defendant.[6]

Our analysis is governed by well established principles of statutory construction. "Statutory construction

---

[5] The defendant also had been charged with attempted murder and attempted robbery in the first degree. The jury, however, acquitted the defendant of those charges.

[6] Because a felony conviction may carry with it "adverse collateral legal consequences"; (internal quotation marks omitted) *State* v. *John*, 210 Conn. 652, 694, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); see, e.g., *Ball* v. *United States*, 470 U.S. 856, 864–65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985); the defendant is also entitled to have his separate conviction under § 53-202k vacated in light of our conclusion that § 53-202k is a sentence enhancement provision rather than a separate offense.

is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Burns*, 236 Conn. 18, 22–23, 670 A.2d 851 (1996). Several additional tenets of statutory construction guide our interpretation of a penal statute. First, we must take care not to impose criminal liability where the legislature has not expressly so intended. *State* v. *Breton*, 212 Conn. 258, 268–69, 562 A.2d 1060 (1989). Second, "[c]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant." (Internal quotation marks omitted.) *State* v. *Jones*, 234 Conn. 324, 340, 662 A.2d 1199 (1995). Finally, "unless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are strictly construed against the state." *State* v. *Ross*, 230 Conn. 183, 200, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995).

Although the plain language of § 53-202k does not illuminate whether that statute is a sentence enhancement provision, the title of § 53-202k, "Commission of a class A, B, or C felony with a firearm: *Five year nonsuspendable sentence*" (emphasis added), suggests that the legislature's overriding purpose in enacting § 53-202k was not to create a separate offense but, rather, to establish an enhanced penalty for persons who commit a class A, B or C felony with a firearm. Furthermore, unlike other provisions in which the legis-

lature has penalized aggravated conduct of the kind contemplated by § 53-202k; see, e.g., General Statutes §§ 53a-216 and 53a-217;[7] § 53-202k contains no language to indicate that it is, in fact, a separate felony offense. Although not dispositive of the issue presented, this fact lends further support to the conclusion that § 53-202k is not a separate crime but, rather, a sentence enhancer.

Our review of the relevant legislative history persuades us that § 53-202k was intended to serve as a sentence enhancement provision. Section 53-202k was enacted as part of a comprehensive legislative plan for dealing with assault weapons. See Public Acts 1993, No. 93-306 (P.A. 93-306), now codified at General Statutes §§ 53-202a through 53-202k. During the debate on P.A.

---

[7] General Statutes § 53a-216 provides: "Criminal use of firearm or electronic defense weapon: *Class D felony.* (a) A person is guilty of criminal use of a firearm or electronic defense weapon when he commits any class A, B or C or unclassified felony as defined in section 53a-25 and in the commission of such felony he uses or threatens the use of a pistol, revolver, machine gun, shotgun, rifle or other firearm or electronic defense weapon. No person shall be convicted of criminal use of a firearm or electronic defense weapon and the underlying felony upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information.

"(b) Criminal use of a firearm or electronic defense weapon *is a class D felony* for which five years of the sentence imposed may not be suspended or reduced by the court." (Emphasis added.)

General Statutes § 53a-217 provides: "Criminal possession of a firearm or electronic defense weapon: *Class D felony.* (a) A person is guilty of criminal possession of a firearm or electronic defense weapon when he possesses a firearm or electronic defense weapon and has been convicted of a capital felony, a class A felony, except a conviction under section 53a-196a, a class B felony, except a conviction under section 53a-86, 53a-122 or 53a-196b, a class C felony, except a conviction under section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive, 53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216. For the purposes of this section, 'convicted' means having a judgment of conviction entered by a court of competent jurisdiction.

"(b) Criminal possession of a firearm or electronic defense weapon *is a class D felony,* for which two years of the sentence imposed may not be suspended or reduced by the court." (Emphasis added.)

93-306, Representative Michael P. Lawlor described General Statutes §§ 53-202j and 53-202k as establishing, *"new enhanced mandatory minimum penalties* for the commission of a felony." (Emphasis added.) 36 H.R. Proc., Pt. 32, 1993 Sess., p. 11,540. Representative Lawlor also explained that § 53-202k was intended, "[to add] five years to the end of whatever other sentence [a defendant is] receiving as a consequence of these acts. . . . This legislation requires five years to be tacked on to the end of [the] sentence [for the underlying felony] which must run consecutively and which cannot be suspended or reduced in any manner. So that would be in addition to the minimum mandatories that are already in existence for whatever the underlying crime was. So, it is *five additional years on top of the other sentence."* (Emphasis added.) 36 H.R. Proc., Pt. 33, 1993 Sess., pp. 11,727–28. Similarly, Representative Reginald L. Jones, Jr., stated that this legislation "deal[s] with mandatory sentences that run consecutively and cannot be plea bargained. The purpose, of course, *is to make the penalties greater and greater* if you use these weapons." (Emphasis added.) Id., p. 11,725. Finally, Senator Alvin W. Penn explained that the legislation "requires a mandatory five year sentence . . . in addition and consecutive to any imprisonment for the [underlying] felony." 36 S. Proc., Pt. 14, 1993 Sess., p. 4956.

These comments strongly suggest that the legislature, in enacting § 53-202k, merely sought to establish an additional penalty for a person who commits a class A, B or C felony with a firearm. Moreover, nothing in the legislative history suggests that the legislature intended that § 53-202k constitute a separate offense independent of the commission of the underlying felony. Indeed, at oral argument, the state indicated that it was not

pressing its claim that § 53-202k constituted a separate offense rather than a sentence enhancer.[8]

For these reasons, and in the absence of any indication to the contrary, we conclude that § 53-202k is a sentence enhancement provision and not a separate crime.[9] Consequently, although the defendant's total effective sentence of sixteen years was proper, the judgment must be modified to reflect the fact that § 53-202k does not constitute a separate offense. Accordingly, the defendant is entitled to have his conviction under § 53-202k vacated.

## II

The defendant also claims that he was deprived of his due process right to a fair and impartial jury under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution.[10] Specifically, he contends that the trial court improperly instructed the jury that it could con-

---

[8] At oral argument, the state indicated that it "[was] not wedded to [the] position that [§ 53-202k must] be treated as a separate offense," and, further, that it had "no problem with respect to this court holding that § 53-202k is nothing more than a penalty enhancement [provision]." The state also acknowledged the similarity between § 53-202k and our persistent felony offender statute, General Statutes § 53a-40, which does not create any separate crimes. See, e.g., *State* v. *Sinclair*, 184 Conn. 215, 216, 439 A.2d 945 (1981). As the state conceded, the only difference between § 53-202k and § 53a-40 is that the former requires proof of the commission of an offense, while the latter requires proof of a prior conviction.

[9] It bears mention that the United States Supreme Court, in rejecting a constitutional challenge to a Pennsylvania sentencing provision comparable to § 53-202k; see 42 Pa. Cons. Stat. § 9712; noted that said statute "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty . . . ." *McMillan* v. *Pennsylvania*, 477 U.S. 79, 87–88, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1985). We reach the same conclusion under the analogous provisions of § 53-202k.

[10] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." This provision applies to the states under the due process clause of the fourteenth amend-

sider the "special training and experience" of police officers in assessing their credibility as witnesses. The defendant claims that the instruction was improper because it bolstered the police officers' credibility, thereby diminishing the state's burden of proving the defendant guilty beyond a reasonable doubt.

The defendant concedes that he neither filed a request to charge nor excepted to the jury instruction that he now maintains was improper. He therefore seeks review of his unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), wherein we held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.)

Although the record before us is adequate to review the defendant's claim, the defendant has failed to meet the second prong of the *Golding* test because his claim of instructional impropriety is not one of constitutional magnitude. "Just as every claim of evidentiary error by the trial court is not truly constitutional in nature; see, e.g., id., 241; every claim of instructional error is not

ment to the federal constitution. *Pointer* v. *Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965).

Article first, § 8, of the Connecticut constitution provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to a speedy, public trial by an impartial jury. No person shall be . . . deprived of . . . liberty . . . without due process of law . . . ."

truly constitutional in nature. We have recognized, for example, that claimed instructional errors regarding the elements of an offense; see, e.g., *State* v. *Boles*, 223 Conn. 535, 543, 613 A.2d 770 (1992); and claimed instructional errors regarding the burden of proof or the presumption of innocence; see, e.g., *State* v. *Adams*, 225 Conn. 270, 289, 623 A.2d 42 (1993); are constitutional in nature, so as to satisfy the second *Golding* requirement. We have also recognized, however, that claimed instructional errors regarding general principles of credibility of witnesses are not constitutional in nature. *State* v. *Tatum*, 219 Conn. 721, 738, 595 A.2d 322 (1991). Indeed, it would trivialize the constitution to transmute a nonconstitutional claim into a constitutional claim simply because of the label placed on it by a party or because of a strained connection between it and a fundamental constitutional right." *State* v. *Walton*, 227 Conn. 32, 64–65, 630 A.2d 990 (1993). Because the defendant's claim implicates only general principles of credibility, we decline to review it because it does not meet the second prong of *Golding*.

The judgment is reversed in part and the case is remanded to the trial court with direction to vacate the defendant's conviction under § 53-202k and to resentence the defendant to a total effective term of imprisonment of sixteen years in accordance with this opinion.

In this opinion the other justices concurred.