[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO VACATE JUDGMENT AND SET FOR JURY TRIAL
The defendant, Jeff Mitchell, was charged by an information complaint ticket with two violations of General Statutes § 22-363 which provides:
 No person shall own or harbor a dog or dogs which is or are a nuisance by reason of vicious disposition or excessive barking or other disturbance, or, by such barking or other disturbance, is or are a source of annoyance to any sick person residing in the immediate vicinity. Violation of any provision of this section shall be an infraction for the first offense and such person shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both for each subsequent offense and the court or judge may make such order concerning the restraint or disposal of such dog or dogs as may be deemed necessary.
The matter was heard by a magistrate and Mitchell subsequently claimed a trial de novo.[1] The charges were then heard by the court on October 17 and 24, 2001, and, on October 24, 2001, Mitchell was found guilty. After the finding of guilty by the court, the prosecutor advised the court of the existence of a part B information[2] dated September 20, 2001, which alleged that Mitchell had been previously found guilty of the offense of nuisance barking under this same statute on July 13, 2000. The second part of the information indicates that Mitchell had been advised of its contents by the Clerk, outside the presence of the Court, on October 17, 2001, prior to the start of the court trial.
Because of the part B information, Mitchell was subject to the enhanced penalties for a subsequent offense provided in § 22-363. Mitchell pled guilty to the part B information and the court sentenced him to ten days, execution suspended, and one year probation. At the time Mitchell pled guilty to the part B information the court failed to canvas him regarding his plea.[3] Nor does the record indicate that Mitchell was advised of his right to a jury trial at any other time. CT Page 1297-er
On November 2, 2001, Mitchell filed a Motion to Vacate Judgment and Set for Jury Trial pursuant to General Statutes § 54-82b (b). That statute provides:
 (a) The party accused in a criminal action in the Superior Court may demand a trial by jury of issues which are triable of right by a jury. There is no right to trial by jury in criminal actions where the maximum penalty is a fine of one hundred ninety-nine dollars or in any matter involving violations payable through the centralized infractions bureau where the maximum penalty is a fine of five hundred dollars or less.
 (b) In criminal proceedings the judge shall advise the accused of his right to trial by jury at the time he is put to plea and, if the accused does not then claim a jury, his right thereto shall be deemed waived, but if a judge acting on motion made by the accused within ten days after judgment finds that such waiver was made when the accused was not fully cognizant of his rights or when, in the opinion of the judge, the proper administration of justice requires it, the judge shall vacate the judgment and cause the proceeding to be set for jury trial.
 (c) In any criminal trial by a jury, except as otherwise provided by law, such trial shall be by a jury of six.
Mitchell argues that because the dog nuisance statute subjects a second offender to jail time, it is a criminal misdemeanor offense, and therefore the proceeding against him was a criminal action and he had a right to a jury trial under § 54-82b (b). Since at no time was he advised of his right to a jury trial, Mitchell argues that the judgment against him must be vacated and the matter set for a jury trial.
The State argues that it is clear that a person charged with an CT Page 1297-es infraction is not entitled to a
jury trial. Since Mitchell was charged in part A of the information with an infraction, he was not entitled to a jury trial on that part. The State argues that the enhanced penalties do not attach until after the defendant is found guilty on the first part of the information. The State contends that "[i]t is only part two of the information to which the defendant is entitled to a jury trial, because only part two of the information carries a term of imprisonment" and that "[t]he two parts of the information cannot be treated as one and the defendant is not entitled to a new trial on the infraction charge of nuisance dog barking." (Memorandum in Opposition to Defendant's Motion to Vacate Judgment and Set for Jury Trial, pp. 3-4.) The State concedes that Mitchell was not canvassed regarding his plea to part B of the information. The state argues, however, that Mitchell is entitled to have the judgment vacated as to the second part of the information only, and that matter set for a jury trial, but that there were no infirmities as to the judgment of the court as to the first part of the information.[4]
The issue in this case, then, is whether the defendant is entitled to a jury trial on both parts of a two part information where the underlying charge is an infraction, but where upon conviction on the second part of the information the possibility of imprisonment exists.[5]
Section 54-82b provides for a right to a jury trial in a "criminal action" except where the maximum penalty is a fine of one hundred ninety-nine dollars. Pursuant to the terms of § 22-363, the maximum penalty for the first offense is $60 and, for each subsequent offense, a fine of not more than one hundred dollars or imprisonment for not more than thirty days or both. In State v. Anonymous (1980-8),36 Conn. Sup. 551, 421 A.2d 867 (1980), the Appellate Session of the Superior Court held that a person charged with a violation of a Department of Motor Vehicle regulation prohibiting the installation or use of a radar device was entitled to a jury trial because of the possibility of a fine of one hundred dollars pursuant to the predecessor statute to § 54-82b which provided for the right of jury trial in any criminal action except where the maximum penalty was a fine of ninety-nine dollars or a sentence of thirty days, or both. The court found that the defendant had not been advised of his right to a jury trial since he had entered his plea in writing, without an arraignment in court, and therefore he could not be considered to have waived that right. The court did not decide whether the defendant's right to jury trial was merely statutory or whether it was constitutionally mandated. CT Page 1297-et Although the court did not discuss whether the proceeding on the violation was a "criminal action" within the meaning of § 54-82b, the court concedes as much by finding that the defendant was entitled to a jury trial under that statute. Yet the court also found that the provisions of General Statutes § 54-36a (c), which authorize the forfeiture of any object which has been used as an instrumentality in the commission of a crime, did not apply because the violation was not a crime since the penalty for violating the regulation was limited to a fine.
Later, in State v. Goffe, 41 Conn. App. 454, 676 A.2d 1377 (1996), the Appellate Court held that although the fine imposed for operating an overweight commercial motor vehicle in violation of General Statutes § 14-267 exceeded $199, the limit now set for a jury trial in a criminal action, the proceedings were not "a criminal action" within the meaning of § 54-82b. After a lengthy analysis, the court held that it was not a "criminal prosecution" as that term is used in the sixth amendment of the federal constitution and found "nothing that suggests that `criminal action' in § 54-82b (a) does not mean the same as `criminal prosecution' under the sixth amendment to the federal constitution." State v. Goffe, Supra, 41 Conn. App. 473.[6]
In any event § 54-82b was amended in 1987 by Public Act 87-241, which amendment eliminated the exception to a jury trial in matters where the penalty is imprisonment for thirty days or less and, instead, provides for a jury trial where "the defendant could serve any time in jail." Remarks of Senator Avallone, Senate Proceedings, May 13, 1987, p. 2631. Consequently it is clear that the legislature intended that a defendant in a criminal action have a right to a jury trial where the defendant faces any term of incarceration.
By agreeing that the defendant is entitled to a jury trial on the part B of the information, the State concedes, that, at least as to that part, this is a "criminal action" within the meaning of § 54-82b. Mitchell argues that the part B information is not a separate offense but simply a penalty enhancer.
The use of the two part information was adopted by our Supreme Court inState v. Ferrone, 96 Conn. 160, 172-75, 113 A. 452 (1921). There the court stated that:
 [I]n ran information such as this] "two issues are presented: first, was the defendant guilty of the crime charged? This relates to the crime only. CT Page 1297-eu Second, if guilty, had the defendant twice before been convicted, sentenced and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated. The jury must by their verdict answer each of these issues." This plainly indicates that the first issue should be taken up and tried by the jury first and separately; and, if the accused be found guilty on this issue, then the second issue should be tried; and, if the accused be found guilty on this issue also, then the maximum punishment prescribed by the statute must be the sentence of the court. It cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if, during that trial, allegations that he has twice before been convicted of State prison crimes have been read to the jury, and evidence of his former convictions has been placed before them. . . . In the absence of statutory regulation in this State, it is our opinion that a procedure similar to that prescribed by an English statute (24 25 Vict. c. 99, s. 37) should be followed. Reg. v. Martin, L. R. 1 Cr. C. 214. The information should be divided into two parts. In the first, the particular offense with which the accused is charged should be set forth; and this should be upon the first page of the information and signed by the prosecuting officer. In the second part' former convictions should be alleged, and this should be upon the second page of the information, separable from the first page, and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the CT Page 1297-ev information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury.
In this case, the second part of the information was put forth so that the state could claim that Mitchell was subject to the greater penalties, having been found guilty of a subsequent offense. This is similar to other sentence enhancement statutes in which a greater penalty is provided for on a basis unrelated to the elements of the underlying criminal conduct. In those cases, the factual predicates for each part of the information are tried separately. See, for example, General Statutes § 53-202k, which provides for an enhanced penalty for use of a proscribed firearm in the commission of a felony as discussed in State v.Velasco, 253 Conn. 210, 751 A.2d 800 (2000); or the persistent offender provisions of General Statutes § 53a-40 that provide for an enhanced prison term beyond that applicable to the charged offense whenever an accused is found to have been convicted previously of an enumerated crime as discussed in State v. Dash, 242 Conn. 143, 698 A.2d 297 (1997); and a capital felony in violation of General Statutes § 53a-54b (3) by a person previously convicted of murder as discussed in State v. Jones,234 Conn. 324, 662 A.2d 1199 (1995). Such statutes constitute sentence enhancement provisions and do not create a separate and distinct crime. See State v. Dash, supra, 242 Conn. 150 (1997). Moreover, the appellate court has held that a defendant has the right to have the predicate facts which must be determined prior to the imposition of the enhanced penalties, determined by a jury.
 The rule of State v. Ferrone, supra, which is now incorporated into our rules of practice in some detail; see Practice Book 619, 647, 648; applies only to persistent offender or recidivist charges. See General Statutes 53a-40. It applies to allegations of prior convictions which cannot be brought separately from an information charging a specific substantive crime; State v. Lewis, 176 Conn. 270, 272-73, 407 A.2d 955
CT Page 1297-ew (1978); and for which conviction may be obtained simply upon proof of the defendant's status as a person who has been convicted before of the applicable offense or offenses. In such instances, the defendant's prior convictions are not only an element of the crime charged; they are the only facts which need be proven beyond a reasonable doubt to warrant conviction. It is because of these aspects of a recidivist charge . . . that the use of the second part of the information to set forth this secondary offense as required by the rules of practice is workable and serves to ensure that a jury is not prejudiced by evidence of a defendant's prior convictions.
State v. Banta, 15 Conn. App. 161, 174, 544 A.2d 1226 (1988).
The second part of the information here did not charge the defendant with a different crime but only that he was a subsequent offender. As the court stated in Armstrong v. Potter, 20 Conn. Sup. 101, 102, 125 A.2d 282
(1956):
 The statute inflicting a more severe penalty in such a case does not create an offense. It merely prescribes punishment for the subsequent offense which is more severe. State v. Reilly, 94 Conn. 698, 24 C.J.S. 1143, n. 25. The fact of the second offense is a "status," not a crime. State v. Jones, 124 Conn. 664, 670; State v. Delmonto, supra, 300; State v. Miglin, 101 Conn. 8, 10. Without a finding of guilty of the subsequent offense, there would be no conviction as a second offender, since the second offense is punished, not the first. State v. Holder, 49 Idaho 514.
The Supreme Court has reiterated that "a two-part information . . . does not charge one crime in the first part and a second crime in the second part, but that only one information charging one crime is involved." State v. Laselva, 163 Conn. 229, 233, 303 A.2d 721 (1972). InLaselva, the court held that the charges against the defendant as a subsequent offender were subject to the longer statute of limitations than that of a first time offender, but if the state could not prove the defendant's status as a subsequent offender, his conviction would be barred by the shorter statute of limitations applicable to first time CT Page 1297-ex offenders.
It becomes clear from a review of the law regarding two part informations that the two parts of the information here cannot be treated separately, as the state claims, but must be treated as charging Mitchell with one crime — that of a subsequent offense under the dog nuisance statute. As such, he is exposed to an enhanced penalty, which includes imprisonment.
General Statutes § 53a-2 provides that the penal code shall apply to "any offense defined in [title 53a] or the general statutes, unless otherwise expressly provided or unless the context otherwise requires, and committed on or after October 1, 1971." General Statutes § 53a-2
defines an "offense as "any crime or violation which constitutes a breach of any law of this state or any other state, federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term `crime' comprises felonies and misdemeanors." Pursuant to the nuisance dog barking statute, a subsequent offense carries with it the possibility of a sentence to a term of imprisonment. Indeed, the court here sentenced the defendant to a suspended period of confinement. A subsequent offense under the statute, unlike a first offense, is not an infraction but, rather, carries with it a much harsher penalty, including imprisonment. Thus it is an "offense" within the meaning of the penal code. General Statutes § 53a-26 (a) provides: "An offense for which a person may be sentenced to a term of imprisonment of not more than one year is a misdemeanor." A misdemeanor, however, is also a crime. This proceeding, therefore, is a criminal action subject to the provisions of § 54-82b and, consequently, the defendant is entitled to a jury trial on both parts of the information pending against him.
The defendant's Motion to Vacate Judgment and Set for Jury Trial is granted, the finding of guilty and sentence are vacated and the case shall be placed on the firm jury list.
Scholl, J.