STATE OF CONNECTICUT *v.* DAVID N. SMITH
(AC 22202)

Schaller, Mihalakos and Hennessy, Js.

Argued February 13—officially released April 16, 2002

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Paul E. Murray*, state's attor-

ney, and *Elizabeth C. Leaming*, assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction of two counts of aggravated sexual assault in the first degree in violation of General Statutes § 53a-70a (a) (1) and one count of kidnapping in the first degree with a firearm in violation of General Statutes § 53a-92a (a). The defendant also was charged in part B of the information with being a persistent dangerous felony offender under General Statutes (Rev. to 1995) § 53a-40.[1] The appeal was originally brought to our Supreme Court and was transferred to this court. The defendant claims that the trial court improperly failed to grant him a probable cause hearing with respect to the offenses charged pursuant to article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, and General Statutes § 54-46a (a). The defendant argues that because he was charged with various felony offenses and also with being a persistent dangerous

---

[1] General Statutes (Rev. to 1995) § 53a-40 provides in relevant part: "(a) A persistent dangerous felony offender is a person who (1) stands convicted of manslaughter, arson, kidnapping, sexual assault in the first or third degree, aggravated sexual assault in the first degree, sexual assault in the third degree with a firearm, robbery in the first or second degree, or assault in the first degree, and (2) has been, prior to the commission of the present crime, convicted of and imprisoned under a sentence to a term of imprisonment of more than one year . . . for any of the following crimes: (A) The crimes enumerated in subdivision (1) of this subsection . . . or (B) prior to October 1, 1975, any of the crimes enumerated in section 53a-72 . . . .

\* \* \*

"(f) When any person has been found to be a persistent dangerous felony offender . . . the court . . . shall sentence such person to a term of imprisonment of not more than forty years and, if such person has, at separate times prior to the commission of the present crime, been twice convicted of and imprisoned for any of the crimes enumerated in subdivision (2) of subsection (a) of this section, sentence such person to a term of imprisonment of not more than life. . . ."

felony offender on the basis of prior sexual assault convictions in 1983 and 1973, he was exposed to a potential life sentence. The defendant contends that *State* v. *Lewis*, 176 Conn. 270, 407 A.2d 955 (1978), which the parties agree is controlling, was incorrectly decided by our Supreme Court. In *Lewis*, although the court determined that the state was required to obtain a grand jury indictment under article first, § 8, of the Connecticut constitution,[2] and that the defendant could not be sentenced as a persistent dangerous felony offender, the court ruled that that jurisdictional defect did not affect the conviction on the substantive offense and ordered the dismissal of the second part of the information. Id., 273. Here, the defendant argues that the state's failure to conduct a probable cause hearing deprived the court of jurisdiction over the substantive offenses. The defendant recognizes that we are bound by the decisions of our Supreme Court and are not in a position to "reconsider" the decision in *Lewis*. See *Boretti* v. *Panacea Co.*, 67 Conn. App. 223, 231, 786 A.2d 1164 (2001), cert. denied, 259 Conn. 918, 791 A.2d 565 (2002). The defendant has failed to offer any other reasons why the judgment should be reversed.

The judgment is affirmed.

---

[2] In 1982, article seventeen of the amendments to the constitution of Connecticut amended article first, § 8, replacing the prior requirement that any defendant accused of committing a crime punishable by death or life imprisonment be charged by way of "an indictment of a grand jury" with the requirement that such prosecutions proceed only upon "probable cause shown at a hearing . . . ."