STATE OF CONNECTICUT *v.* STAFFORD BROWN
(AC 21051)

Foti, Schaller and West, Js.

Argued September 23—officially released November 26, 2002

[redacted]

*H. Owen Chace*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Stafford Brown, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3). The sole issue on appeal is whether the court was required, sua sponte, to give a jury instruction that included a list of factors that the jury should consider with respect to eyewitness identification. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Between midnight and 8 a.m. on August 22, 1998, Kadir Babiso, a thirty-eight year old man, was the sole attendant at a service station and convenience store at Park Avenue and State Street in Bridgeport, where he had been employed for fifteen years. At that time of night, the door to the store was locked, and Babiso dealt with customers through a glass window. At approximately 1:30 a.m., however, a woman came to purchase gasoline and cigarettes. After paying for a package of cigarettes with a $20 bill, she asked Babiso to help her pump gasoline into her vehicle because she was having difficulty with the pump. Babiso put the

change in his hand and went outside to help the woman. The woman also asked Babiso for directions to Interstate 95. As he was giving directions to the woman, the defendant appeared, put a knife to Babiso's chest and demanded the money he was holding.

Babiso gave the defendant the money and ran toward the building. A second man appeared and attempted to grab onto Babiso, who was able to get into the store. He locked the door and called the police. He watched the two men walk toward Seaside Park.[1] A few minutes later, Anthony Davila, a Bridgeport police officer, arrived. Babiso told Davila about the defendant, and described him as wearing jeans and a black shirt and having a small gap between his upper teeth. Davila searched the area, but was unable to locate the defendant.

Three days later, on August 25, 1998, Babiso went to the post office on Middle Street. As he was walking home on Main Street in downtown Bridgeport, he saw the defendant and the second man in the company of a third man. Babiso found a police officer to whom he explained the situation. Joseph Szor, a Bridgeport police sergeant, was in the area when he heard a dispatch providing Babiso's description of the defendant. Szor detained the defendant. Babiso was taken to the scene where he positively identified the defendant as the person who had robbed him.

The jury heard evidence on May 20, 1999.[2] Babiso identified the defendant at trial and testified that prior to the robbery, he had seen the defendant in a liquor store on Main Street. Also at trial, the defendant admit-

---

[1] The woman had fled the scene.

[2] At the close of the state's case-in-chief, the court granted the defendant's motion for a judgment of acquittal as to the state's charge of larceny in the second degree. The state subsequently filed a substitute information charging only robbery in the first degree.

ted that he was at the service station on the night in question and witnessed an altercation between Babiso and a customer. The court charged the jury on May 21, 1999. The defendant did not submit a request to charge, and he did not object to the instruction given by the court. The jury returned its verdict that day. On July 7, 1999, the court sentenced the defendant to ten years in the custody of the commissioner of correction, suspended after five years served, and five years probation. The defendant appealed.

On appeal, the defendant argues, in general, that eyewitness identifications are fraught with dangers that undermine a defendant's right to a fair trial. He argues specifically that Babiso's eyewitness identification was unreliable because Babiso saw the robber for only a few seconds, he was nervous, and in his initial report to the police and on apprehension of the defendant, he failed to mention the woman whom he was assisting at the time he was robbed. The defendant also argues that Babiso's identification of him was unreliable because Babiso was the only person to identify him as the perpetrator of the crime.

On the basis of those factual assertions, the defendant claims that the court should have provided a better instruction with respect to evaluating Babiso's identification. In other words, the defendant asserts that the court should have delineated a list of factors for the jury to consider in assessing Babiso's credibility. He contends that a jury instruction that fails to provide such guidance undermines a defendant's rights to due process and to a fair trial pursuant to the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut.[3]

---

[3] The defendant has not presented a separate analysis of his state constitutional claims, and we therefore consider them abandoned. See *State* v. *Eady*, 249 Conn. 431, 435 n.6, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999).

Because he did not preserve his claim of an inadequate jury instruction at trial, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. Practice Book § 60-5. "We will not consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial and was ruled upon and decided by the trial court . . . ." (Internal quotation marks omitted.) *State* v. *Edward B.*, 72 Conn. App. 282, 301, 806 A.2d 64, cert. denied, 262 Conn. 910, 810 A.2d 276 (2002). We decline to review the defendant's claim because it is not of constitutional magnitude or one of those truly extraordinary circumstances that warrants plain error review.

A defendant may prevail on an unpreserved claim of constitutional error if he meets all of the following conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40.

The defendant has provided a copy of the transcript and, therefore, the record is adequate for our review. His claim, however, is not of constitutional magnitude. He acknowledges that in *State* v. *Dash*, 242 Conn. 143, 698 A.2d 297 (1997), our Supreme Court held that just as every evidentiary claim is not of constitutional magnitude, not every claim of instructional error is of constitutional magnitude. Id., 151–52. "We have recognized, for example, that claimed instructional errors regarding the elements of an offense; see, e.g., *State* v. *Boles*, 223 Conn. 535, 543, 613 A.2d 770 (1992); and claimed

instructional errors regarding the burden of proof or the presumption of innocence; see, e.g., *State* v. *Adams*, 225 Conn. 270, 289, 623 A.2d 42 (1993); are constitutional in nature, so as to satisfy the second *Golding* requirement. We have also recognized, however, that claimed instructional errors regarding general principles of credibility of witnesses are not constitutional in nature. *State* v. *Tatum*, 219 Conn. 721, 738, 595 A.2d 322 (1991)." *State* v. *Dash*, supra, 152; see also *State* v. *Anderson*, 20 Conn. App. 271, 280–82, 566 A.2d 436 (1989), cert. denied, 213 Conn. 813, 569 A.2d 549 (1990).

Even though our Supreme Court has decided that the jury instruction regarding the credibility of a witness is not of constitutional magnitude, the defendant asks us to reconsider the decision. Our Supreme Court is the ultimate arbiter of the law in this state. We, as an intermediate appellate court, cannot reconsider the decisions of our highest court. See *Hanes* v. *Board of Education*, 65 Conn. App. 224, 230 n.6, 783 A.2d 1 (2001).

Furthermore, the defendant's claim does not merit plain error review. Pursuant to Practice Book § 60-5, "this court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." (Internal quotation marks omitted.) *State* v. *Hair*, 68 Conn. App. 695, 704–705, 792 A.2d 179, cert. denied, 260 Conn. 925, 797 A.2d 522 (2002). "[T]o prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . The doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Id., 705.

"[T]he test of a court's charge is not whether it is accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Albert*, 252 Conn. 795, 815–16, 750 A.2d 1037 (2000).

We have read the court's instruction and conclude that it fairly presented the issues to the jury in a manner such that no injustice was done to either party. The instruction, as given, would not undermine the public's confidence in our legal system, and it is not reasonably probable that the jury was misled. See *Murray* v. *Taylor*, 65 Conn. App. 300, 331, 782 A.2d 702 (standard regarding nonconstitutional questions), cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001).

The judgment is affirmed.

In this opinion the other judges concurred.