## STATE OF CONNECTICUT *v.* LARRY W. TINSLEY
## (AC 16992)

O'Connell, C. J., and Lavery and Spear, Js.

Argued December 11, 1997—officially released February 17, 1998

*Donald Dakers*, special public defender, for the appellant (defendant).

*Richard F. Jacobson*, supervisory assistant state's attorney, with whom, on the brief, was *John F. Blawie*, assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4),[1] and commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k.[2]

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ."

[2] General Statutes § 53-202k provides in relevant part: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3 . . . shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

The defendant claims that (1) it was constitutionally impermissible to convict him of robbery in the first degree because there was insufficient evidence to establish that he was guilty of one of the two alleged alternative methods of committing the crime and (2) the trial court improperly denied his motion for a judgment of acquittal as to the violation of § 53-202k because there was insufficient evidence to establish possession of a firearm. We affirm the judgment in part and reverse it in part.

The jury reasonably could have found the following facts. On May 5, 1995, the victim was having trouble starting his car, which was parked on South Avenue in Bridgeport. He had raised the car's hood and was attempting to remedy the problem when the defendant approached, stuck a handgun in his side and demanded money. The victim gave him $20, and the defendant walked away, still holding the gun in his hand. The victim subsequently made a photographic identification of the defendant and also an in-court identification at trial.

The defendant was charged, in a substitute information, with robbery in the first degree and with committing a class A, B or C felony with a firearm. He was convicted of both crimes.

I

The defendant first claims that it is constitutionally impermissible to convict him of robbery in the first degree when the information charged him with alternative methods of committing that crime and the state failed to prove one of the two alleged methods. The information on which the defendant was tried alleged in part that "the [defendant] stole certain property from [the victim], and in the course of the commission of the crime he displayed what he represented by his *words or conduct* to be a firearm." (Emphasis added.)

The defendant concedes, and the evidence shows, that he represented *by his conduct* that he was armed with a pistol or a revolver. He argues, however, that the state must also prove that he represented *by his words* that he was so armed. The defendant did not raise this issue in the trial court and now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] This claim is not of constitutional magnitude and, therefore, does not meet the second *Golding* prong.

*State* v. *Chapman*, 229 Conn. 529, 643 A.2d 1213 (1994), controls the resolution of this issue. In *Chapman*, our Supreme Court, relying on *Griffin* v. *United States*, 502 U.S. 46, 112 S. Ct. 466, 116 L. Ed. 2d 371 (1991), held that "a factual insufficiency regarding one statutory basis, which is accompanied by a general verdict of guilty that also covers another, factually supported basis, is not a federal due process violation." *State* v. *Chapman*, supra, 539.

In the present case, the information charged the defendant with two alternative methods of committing robbery in the first degree. Consistent with the language contained therein, the trial court instructed the jury on robbery in the first degree, during the commission of which the defendant displayed what he represented by his words or conduct to be a firearm. As in *Chapman*, the instruction at issue in this case was based on a

---

[3] Under the *Golding* guidelines, a defendant can prevail on a constitutional claim, not preserved at trial, only if all of the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. If any one of these conditions is missing, the defendant's claim will fail. C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 7.10 (b), p. 7-30.

legally adequate theory of liability. There was insufficient evidence, however, to convict the defendant on the theory that he represented "by his words" that he possessed a gun. Because the instruction was of a factual nature, the jury was "well equipped to analyze the evidence" and also to determine whether the defendant's representation that he had a gun was made by his words or by his conduct. (Internal quotation marks omitted.) Id., 539. We therefore conclude that the defendant's claim is not of constitutional magnitude and, thus, decline to review this claim. *State* v. *Golding*, supra, 213 Conn. 239–40.

## II

The defendant next claims that the trial court improperly denied his motion for judgment of acquittal on the charge of violating § 53-202k because the evidence failed to establish that the defendant "use[d] or was armed with" a "firearm."

As a preliminary procedural matter, it must be noted that, subsequent to the sentencing in this case, our Supreme Court decided *State* v. *Dash*, 242 Conn. 143, 698 A.2d 297 (1997), which applies retroactively to the date of trial in this case. *Dash* held that § 53-202k is a sentence enhancement provision and not a separate crime. Id., 150. A defendant is permitted to file a motion for judgment of acquittal only for *crimes* for which he has been on trial. Because § 53-202k is not a separate crime, a motion for judgment of acquittal was not appropriate here.

During oral argument, defense counsel agreed that § 53-202k is not a separate crime, but argued that even under *Dash*, § 53-202k cannot enhance the sentence imposed for the robbery conviction because the state failed to establish that the defendant used or was armed with a firearm. The defendant contends that § 53-202k requires that the state not only prove that the defendant

represented by his conduct that he possessed a firearm, but also that he used or was armed with one.

The relevant portion of § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3 . . . shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony." Section 53a-3 (19) defines a "firearm" as "any sawed-off shotgun, machine gun, rifle, shotgun, pistol, revolver or other weapon, whether loaded or unloaded from which a shot may be discharged." The defendant argues that the phrase in § 53-202k, "and threatens the use of, or displays, or represents by his words or conduct that he possesses" a firearm, comprises a second set of elements, one of which the state must prove in addition to proving that the defendant "use[d] or was armed with" said firearm. We disagree.

To be convicted of violating § 53-202k, the defendant must first have been convicted of a class A, B or C felony *and either* (1) have used a firearm, or (2) have been armed with and threatened to use a firearm, or (3) have displayed a firearm, or (4) have represented by his words or conduct that he possessed a firearm. Contrary to the defendant's contention, the phrase "is armed with" is not the beginning of a second set of elements to be proven. Such an interpretation would be illogical.

The defendant also claims that § 53-202k applies only after it is established that in the commission of the underlying felony for which the defendant was convicted, the weapon used was proven capable of discharging a shot. It has already been established that "a guilty verdict under § 53a-134 (a) (4) does not require

proof of operability [of the gun]. A conviction can result whether [or not] the defendant possessed a gun. All that is required is that the defendant 'displays or threatens the use of what he represents by his words or conduct to be a [gun].' " *State* v. *Bradley*, 39 Conn. App. 82, 93 n.10, 663 A.2d 1100 (1995), cert. denied, 236 Conn. 901, 670 A.2d 322 (1996). To conclude otherwise would render this statutory provision inapplicable in situations where weapons cannot be recovered or where a defendant represents to have a gun but, in fact, does not. Certainly, the legislature did not intend to omit those frequently occurring scenarios from sentence enhancement.

The state proved beyond a reasonable doubt that the defendant represented by his conduct that he possessed a firearm during the commission of the robbery. We conclude that this is sufficient for § 53-202k to apply.

### III

The defendant was sentenced as follows: Robbery in the first degree—seventeen years; commission of an A, B or C felony with a firearm—five years with the sentences to run consecutively for a total effective sentence of twenty-two years. Accordingly, although the total effective sentence in this case was proper, it must be modified to reflect that § 53-202k was not a separate offense. See *State* v. *Dash*, supra, 242 Conn. 150; *State* v. *Carter*, 47 Conn. App. 632, 649, 708 A.2d 213 (1998).

The judgment is reversed in part and the case is remanded with direction to vacate the defendant's conviction of committing an A, B or C felony with a firearm pursuant to § 53-202k and to resentence the defendant for the robbery in the first degree conviction to a total effective term of imprisonment of twenty-two years in accordance with this opinion.

In this opinion the other judges concurred.