## STATE OF CONNECTICUT *v.* RUDOLPH FAULKNER
### (AC 15331)

O'Connell, C. J., and Schaller and Spear, Js.

Argued January 27—officially released March 31, 1998

*Arnold V. Amore II*, special public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's

attorney, and *Dennis J. O'Connor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, following a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3).[1] The defendant claims that the trial court improperly (1) denied his motion for judgment of acquittal and (2) violated his constitutional right of confrontation. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On August 19, 1988, a violent melee erupted among the victim, the victim's friend, the defendant and two of the defendant's friends. This fight followed a dispute over a cocaine deal. During the fight, the victim was stabbed twice, once in his left side and once in his chest. The victim subsequently died as a result of the chest wound, and the defendant was charged in a one count information with murder in violation of General Statutes § 53a-54a.

The trial court instructed the jury on murder and on the lesser included charges of manslaughter in the first degree, manslaughter in the second degree and criminally negligent homicide. More specifically, the court instructed the jury in part as follows: "If you unanimously find that the state has proven beyond a reasonable doubt that the defendant committed the crime of manslaughter in the first degree . . . either directly as a principal or as an accessory, you can find the defendant guilty of this lesser included offense." The jury

---

[1] General Statutes § 53a-55 (a) provides in relevant part: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

found the defendant guilty of manslaughter in the first degree.

## I

The thrust of the defendant's first claim is that the trial court improperly denied his motion for judgment of acquittal because there was insufficient evidence to prove beyond a reasonable doubt that he was guilty as a principal of manslaughter in the first degree. The fallacy in this contention is that it assumes, without justification, that the jury's verdict was based solely on culpability as a principal. The record discloses that the prosecutor proceeded under alternate theories of culpability as either a principal or an accessory, and the trial court instructed the jury as to both principal and accessorial culpability.

The jury returned a guilty verdict on the lesser included offense of manslaughter in the first degree by means of reckless conduct under circumstances evincing an extreme indifference to human life. General Statutes § 53a-55 (a) (3). This was a general verdict, and the defendant did not request that the court poll the jurors concerning the unanimity of their finding as to the alternate theories of culpability, i.e., guilt as principal or as accessory.

The defendant's claim is limited solely to the sufficiency of the evidence to support his conviction as a principal. This claim implies that the guilty verdict must be construed as a finding that the defendant committed the offense exclusively as a principal. He does not contest the sufficiency of the evidence to support his conviction as an accessory. "The fact that a defendant is not formally charged as an accessory pursuant to General Statutes § 53a-8[2] does not preclude a conviction as

---

[2] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct

such." *State* v. *Correa*, 241 Conn. 322, 340, 696 A.2d 944 (1997).

In Connecticut, there is no practical significance to being labeled as a principal or as an accessory. Id., 340. "The accessory statute merely provides alternate means by which a substantive crime may be committed." (Internal quotation marks omitted.) Id., 341. Because the defendant does not challenge his conviction as an accessory and because there is no difference between being convicted as a principal or as an accessory, his claim must fail.

In addition, "a factual insufficiency regarding one statutory basis, which is accompanied by a general verdict of guilty that also covers another, factually supported basis, is not a federal due process violation." *State* v. *Chapman*, 229 Conn. 529, 539, 643 A.2d 1213 (1994); *State* v. *Tinsley*, 47 Conn. App. 716, 719, 706 A.2d 1008, cert. denied, 244 Conn. 915, 713 A.2d 833 (1998). The jurors in the present case were instructed on both theories of culpability, principal and accessory, and any guilty verdict they returned had to be unanimous on one theory or the other. *Chapman* compels us to conclude that it is irrelevant that there may be insufficient evidence to support the defendant's conviction as a principal, as long as sufficient evidence exists to support his conviction as an accessory.

II

The defendant's claim of violation of his constitutional right to confrontation is predicated on the failure of a state's witness, Samuel Covington, to return to court after a noon recess. Immediately prior to the recess, Covington had been on the witness stand undergoing redirect examination by the state's attorney.

which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

The following facts are relevant to the disposition of this claim. During the defendant's trial, eyewitnesses to the fight could not identify with certainty who stabbed the victim. Covington, one of the eyewitnesses, testified on direct examination that he had no knowledge of who stabbed the victim. On cross-examination, Covington's prior written statements were introduced as being inconsistent with his trial testimony. On redirect, Covington again testified that he did not know who stabbed the victim. The court then recessed for lunch. When Covington could not be found after lunch, the state was unable to conclude its redirect and the defense was unable to conduct any recross-examination. The defendant claims that his inability to conduct a recross-examination of Covington violated his constitutional right to confront adverse witnesses.

The confrontation clauses of both the federal and state constitutions afford defendants the right to confront all witnesses who testify against them. *State* v. *Crosby*, 34 Conn. App. 261, 272, 641 A.2d 406, cert. denied, 230 Conn. 903, 644 A.2d 916 (1994). The principal purpose of confrontation is to secure for the defendant the opportunity for cross-examination. *State* v. *Milner*, 206 Conn. 512, 524–25, 539 A.2d 80 (1988). The right to cross-examine adverse witnesses is not absolute, however, and in the exercise of its discretion, the trial court may impose limitations on the scope of cross-examination, as long as the defendant has been permitted sufficient cross-examination to meet constitutional requirements. Id. In the present case, the defendant does not complain that his right of cross-examination was violated, but rather that his right of recross-examination was violated.

It is significant that when the trial resumed the day after Covington partially testified on redirect, the defendant moved that the court strike Covington's redirect testimony. The trial court granted this request by

instructing the jury to disregard such testimony completely during its deliberations. Because the redirect testimony was stricken at the defendant's request, any prior right to recross that he may have had was waived and, thus, no constitutional violation could have occurred.

Furthermore, it is axiomatic that redirect examination is a condition precedent to recross-examination, and that recross is limited in scope to the information elicited on redirect. In the present case, because the state's redirect was short, cumulative of other witnesses' testimony and repetitious, the defendant was not harmed by the redirect or by the lack of an opportunity to conduct any recross.

The judgment is affirmed.

In this opinion the other judges concurred.