[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR 93-447609.
Kenneth Simon, Esq., Defense Counsel, for Petitioner.
George Ferko, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner was convicted after a trial by jury of Manslaughter, 1st. degree and sentenced to a term of 13 years.
On August 19, 1988 a violent fight broke out between the victim, his friend, the petitioner and two of his friends. The dispute was over a cocaine deal. The victim was stabbed twice (chest and side) and died from the chest wound.
The petitioner argues that his co-defendant pleaded guilty to manslaughter and received an 8 year sentence. He states he was made the same offer but rejected it. The co-defendant testified at Faulkner's trial and apparently testified that he (the co-defendant) stabbed the victim.
While there was a melee at the time, there apparently was evidence that what started out as a fist fight between the victim and the co-defendant (Eschoe), the petitioner handed Eschoe the knife which was used to kill the victim, and there was some evidence that Faulkner used a 2 x 4 to strike the victim.
The petitioner, who is illegally in this country, has convictions for drugs, resisting arrest and battery in New York City.
In Connecticut, there is no practical significance to being labeled as a principal or as an accessory.State v. Faulkner,48 Conn. App. 275, 278 (1998).
If it had not been for the introduction of the knife into the CT Page 6008 fight by Faulkner the victim might still be alive. Faulkner bears a heavy responsibility for the homicide in this case.
Eschoe not only pleaded guilty he testified in the petitioner's trial. In its sentencing remarks the Court specifically stated the considerations which went into its sentence, which included a lack of recognition as to the role he played in the death of a human being.
In short, the Court considered all the factors alluded to by the petitioner before this division and articulated the basis for its sentence.
Reviewing this sentence pursuant to § 43-28 of the Practice Book, the Review Division does not find it to be excessive or disproportionate so as to require modification. It is affirmed.
Klaczak, Norko and Ianotti, J.s, participated in this decision.