[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Larry Tinsley, alleges in his petition for a Writ of Habeas Corpus initially filed on June 4, 1998 and twice amended, once on August 15, 2001 and again on January 24, 2003, that he was deprived the effective assistance of counsel and that he is actually innocent of the charges that led to his incarceration. This matter came on for trial before this Court on January 13, 2003 and again on February 5, 2003 at which time testimony was received from the petitioner and his trial defense counsel, Attorney Jonathon Demirjian. Documentary evidence was also received, including, inter alia, the transcript of the petitioner's trial on the underlying matter. For the reasons set forth more fully below, the petitioner has failed in meeting his burden of proof and the petition shall be denied.
As regards the claim of ineffective assistance of counsel, the petitioner alleges that his trial defense counsel: failed to pursue pretrial motions on the petitioner's behalf relative to suppression of identification, failed to properly investigate the case, failed to allow petitioner to testify on his own behalf and failed to request a mistrial after an improper in-court photo identification of the petitioner.
As regards the claim of actual innocence, the petitioner alleges that he had an alibi that would have led to a verdict of acquittal from the jury.
The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
Findings of Fact
1. The petitioner was the defendant in a case in the Judicial District of Fairfield at Bridgeport, under Docket Number CR95-109692 entitledState v. Tinsley. On February 28, 1996 the petitioner was convicted by a CT Page 2172 jury of Robbery in the first degree in violation of CGS § 53a-134 (a) (4) and guilty of a violation of CGS § 53-202k. The petitioner was also convicted by the Court in Part B of the information with being a persistent felony offender in violation of CGS § 53a-40 (a). He was sentenced by the Court, Hartmere, J. on April 26, 1996 to a total effective sentence of twenty-two years.
2. The petitioner was represented at his trial by Attorney Jonathon Demirjian, one of the attorneys assigned to the staff of the Public Defender's office in the judicial District of Fairfield.
3. The appeal of this conviction was denied by the Appellate Court in a decision entitled State v. Tinsley, 47 Conn. App. 716 (1998).
4. On May 5, 1995, the victim was having trouble starting his car, which was parked on South Avenue in Bridgeport. He had raised the car's hood and was attempting to remedy the problem when the petitioner approached, stuck a handgun in his side and demanded money. The victim gave him $20, and the petitioner walked away, still holding the gun in his hand.
5. The petitioner elected to exercise his right to silence and did not testify at his trial.
6. No evidence of an alibi was presented at the petitioner's trial.
7. At the habeas trial before this Court, the petitioner did testify and stated that at the time of the Robbery he had been working at a slaughterhouse in New York City. He could not remember the name of the company, the address of the company, or the name of his employer. The petitioner offered that his sister, Sarita, could substantiate his alibi, however, at present, the petitioner did not know where his sister was. The petitioner stated that he provided all of this information to his trial defense counsel.
8. The petitioner's trial defense counsel testified that he was not aware of any alibi defense that could have been raised on the petitioner's behalf. He testified at the habeas trial that he had not received any names of a business or an employer. Further the petitioner's trial defense counsel testified that he was aware of the petitioner's sister and thought that she would be of little help since she had already provided negative information concerning the petitioner to the police.
9. The trial defense counsel did file a motion to suppress the identification of the petitioner. CT Page 2173
10. The petitioner has a lengthy criminal record dating back to 1971 and includes convictions of numerous felonies involving firearms.
11. To the extent that there is any potential alibi evidence to be discovered, it is evidence that could have been discovered by the petitioner at the time of his original trial with the exercise of due diligence.
Discussion of Law
The petitioner comes before this Court with a claim of actual innocence in regard to the offenses of which the jury found him guilty after a trial. He faces two difficult obstacles to overcome before relief may be granted. First, "taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, . . . no reasonable fact finder would find the petitioner guilty." Miller v. Commissioner of Correction, 242 Conn. 745 at 791-92
(1997).
It is important at the outset to understand a critical difference between the legal status of a person who has been accused of a crime as opposed to one who has been convicted of a crime. While the person who has been accused of a crime is entitled to a presumption of his or her innocence, the petitioner in a habeas corpus petition is not. "It is undoubtedly true that `[a] person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt. In re Winship, 397 U.S. 385,90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).' Herrera v. Collins, 506 U.S. 390,113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993). . . The presumption of innocence, however, does not outlast the judgment of conviction at trial." Summerville v. Warden, 229 Conn. 397 at 422-23 (1994). Consequently, even though "a substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial," Summervillev. Warden, 229 Conn. 397 at 422 (1994), the burden of proving this rests with the petitioner. "Thus, in the eyes of the law, [the] petitioner does not come before the Court as one who is `innocent,' but on the contrary as one who has been convicted by due process of law." Summerville v.CT Page 2174Warden, infra, at 422.
 I. The Newly Discovered Evidence Rule
There is a threshold question regarding the issue of whether the testimony of the two inmates and the petitioner should even be considered by this Court. "The respondent asserts that a claim of actual innocence, when raised in a habeas corpus proceeding, must be based on newly discovered evidence. To be considered `newly discovered,' `the evidence must be such that it is not cumulative, was not available to the petitioner at his criminal trial and could not have been discovered prior to the criminal trial through the exercise of due diligence.' In Clarkev. Commissioner of Correction, 249 Conn. 350, 357-58 (1999), our Supreme Court has left the absolute requirement of `newly discovered evidence' an open question in our habeas jurisprudence `until the actual outcome of the case is likely to depend on the answer to the legal question.' Id.
at 351." LaPointe v. Warden, No. CV 97-0571161 (Sep. 6, 2000) (Freed, J.). Although having been presented with several opportunities to do so,[1]
our Supreme Court has declined to make the definitive statement. Consequently, while the final rule in this state may be to the contrary, as it stands at this time, the operative appellate decision on this issue is Clarke v. Commissioner, 43 Conn. App. 374 (1996).
In Clarke, the Appellate Court "concluded that although no governing standard of proof exists under which a claim of actual innocence should be evaluated,[2] such a claim must, nonetheless, be based on newlydiscovered evidence. Williams v. Commissioner of Correction, supra,41 Conn. App. 527. [The Appellate Court] concluded that `a writ of habeas corpus cannot issue unless the petitioner first demonstrates that the evidence put forth in support of his claim of actual innocence is newly discovered.' (Emphasis added.) Id., 530. Moreover, `[it] incorporate[d] the due diligence component of the standard used in determining whether a new trial should be granted because of newly discovered evidence in the determination of whether a writ of habeas corpus should issue as a result of a petitioner's claim of actual innocence.' Id., 528. Thus, [it] held that `a petitioner must demonstrate, by a preponderance of the evidence, that the proffered evidence is such that it could not have been discovered earlier by the exercise of due diligence.'" Clarke, supra,
at 379.
So, at least for the present, the petitioner must demonstrate that his testimony of an alibi defense is newly discovered evidence by proving with a preponderance of the evidence that he could not have discovered such evidence earlier through the exercise of due diligence. It is clear that the testimony offered by the petitioner cannot be considered newly CT Page 2175 discovered evidence. In the absence of some sort of persuasive evidence that the petitioner suffered from a transitory amnesia at the time of his original trial that prevented him from remembering that he was employed in New York City on the date of the robbery, his testimony cannot ever be considered newly discovered. While the petitioner has an absolute right to use the protections of the Fifth Amendment as a shield and remain silent, he cannot use it as a sword to seek a new trial at a significantly later time by deciding to testify years later.[3]
While the decision of this Court in regard to the question of newly discovered evidence is a resolution of this matter and a sufficient basis, in and of itself, to deny the petition, the Court will continue to analyze the claim of actual innocence as if the newly discovered evidence rule had been satisfied.[4]
 II. The Claim of Actual Innocence
It is well settled in Connecticut that a claim of actual innocence may be raised in a petition for habeas corpus even where that claim does not allege a claim that the petitioner's state or federal constitutional rights have been violated. See Summerville v. Warden, 229 Conn. 397
(1994), and Clarke v. Commissioner, 43 Conn. App. 374 (1996). In order to prevail in such a claim, a petitioner must overcome two very large obstacles. "First, taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, . . . that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that after considering all of that evidence and the inferences drawn therefrom . . . no reasonable fact finder would find the petitioner guilty." Millerv. Commissioner, 242 Conn. 745, 791-92 (1997). Unlike the original criminal trial in which the petitioner (then the defendant) enjoyed the presumption of innocence with the burden of proving his guilt beyond all reasonable doubt resting upon the prosecutor, in the habeas proceeding, the burden of proof rests upon the petitioner. This is so because of the "fact that in many cases an order for a new trial may in reality reward the accused with complete freedom from prosecution because of the debilitating effect of the passage of time on the state's evidence."Summerville v. Warden, supra. Furthermore, there is a strong societal interest "in not degrading the properly prominent place given to the original trial as the forum for deciding the question of guilt or innocence within the limits of human fallibility." Id. This latter reason is particularly compelling when the original verdict was the result of a trial by jury. CT Page 2176
The burden of proof in a habeas proceeding in which the claim is actual innocence requires that "the habeas court first must be convinced by clear and convincing evidence that the petitioner is actually innocent. The clear and convincing standard of proof is substantially greater than the usual civil standard of a preponderance of the evidence, but less than the highest legal standard of proof beyond a reasonable doubt."Miller v. Commissioner, supra, at 794. Clear and convincing evidence must "induce in the mind of a trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." State v. Bonello, 210 Conn. 51 at 66, cert. den., 490 U.S. 1082, 109 S.Ct. 2103, 104 L.Ed.2d 664 (1989).
The petitioner has been tried before a jury of his peers and found to be guilty beyond all reasonable doubt. The right to a trial by jury is one of our most sacred rights in the Anglo-American system of law. Courts have, and continue to, afford extraordinary deference to a decision made by the jury. In a habeas claim involving the claim of actual innocence, the petitioner asks this Court to set aside that jury verdict and order a new trial and that is one of the reasons that there is such a high standard for the petitioner to overcome in order to achieve relief. The "clear and convincing" standard that this Court must apply "should operate as a weighty caution upon the minds of all judges and it forbids relief whenever the evidence is loose, equivocal or contradictory."Lopinto v. Haines, 185 Conn. 527 at 539 (1981). Given all of this, it is clear that the petitioner is simply unable to meet this burden.
The "new"[5] evidence produced by the petitioner was his own testimony to the effect that he had an alibi. This evidence simply is not convincing. First, despite the fact that the petitioner seems to have a pleasant personality and is likable enough, he is a convicted felon several times over. This is a factor that has an adverse effect upon, and may be considered when determining, the credibility of any witness.[6]
Additionally, the testimony of the petitioner was vague and inconclusive. Given all of this, it is difficult to say that the testimony was anything except "loose, equivocal or contradictory." Not only must the petitioner prove with clear and convincing evidence that he is actually innocent (something that he failed to do) he must also prove that no reasonable finder of fact would find the petitioner guilty.Miller v. Commissioner, 242 Conn. 745 at 802 (1997). The evidence adduced in this trial, coupled with the evidence from the petitioner's original trial, simply fails to do so.
Insofar as the alleged deficient performance of the petitioner's trial defense counsel, any claim of ineffective assistance of counsel must CT Page 2177 satisfy both prongs of the test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562,82 L.Ed.2d (1984), before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Strickland, infra, at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra, at 687. In short, the petitioner must show both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 1106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner, 234 Conn. 139 at 151 (1995). Given this modified standard to be applied to plea cases, the petitioner must first prove that the performance by his trial defense counsel was deficient and, that absent this deficient performance, the petitioner would have pled not guilty, would have gone to trial, and been acquitted.
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to relitigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events, different courses might well have been taken. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley v. Commissioner of Corrections,47 Conn. App. 253 at 264 (1979), cert. den., 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort CT Page 2178 be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner ofCorrection, 60 Conn. App. 313 at 317 (2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ('[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')." Valeriano v. Bronson, 209 Conn. 75 at 86 (1988).
In the instant case, it is clear that the petitioner's trial defense counsel did do a good job of representing the petitioner. Despite the chimerical claim of an alibi defense raised at the habeas trial, it does not appear that this fact was brought up to Attorney Demerjian. The petitioner's trial defense counsel is unequivocal in stating that had he been aware of a viable alibi defense, he would have pursued it. As it was, the petitioner could not offer any alibi, nor in any way account for his presence at the time of the crime. His testimony would have been confined to a denial of having committed the robbery. Given the criminal record of the petitioner and the virtual certainty that he would have been impeached with same, it was prudent for the petitioner's trial defense counsel to advise the petitioner not to take the stand. The ultimate decision to testify or not to testify rests with the defendant and there has been no evidence introduced by which this Court can conclude that the petitioner's will was overborne and his decision not to testify coerced.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge